EASTERN DIST.
March, 1836.

CONWAY
vs.
WINTER.

the plaintiff, or not, no evidence will be received, to prove damages for the detention and failure to deliver the engine.

## CONWAY vs. WINTER.

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

Where the judgment is for the land, *described in the petition as about thirty arpents*, and which is all the plaintiff demanded, he cannot allege error and have the judgment amended, on the ground that on actual measurement the land is found to contain a larger quantity.

This is a petitory action. The plaintiff claims a tract of land, "measuring about thirty superficial arpents," situated in the suburbs of the town of Donaldsonville, comprised within certain defined and specified limits or boundaries, which she inherited from her mother. She shows that this land was partitioned and set off to her, as her portion of her mother's estate; but on attempting to take possession, she found the defendant already in possession, who claims the land in contest, under a written title. She prays that the premises be decreed to belong to her, and that she have judgment for possession and damages.

The defendant claims the land in dispute, under an authentic act, derived from the first husband of the plaintiff,

and avers that the quantity comprised in the lot or tract described in the petition, is twenty superficial arpents and twenty-two-hundredths. He sets out minutely and in detail, his purchase from one Lawes, the first husband of plaintiff, and that it was sold to support that family.

In case of eviction, the defendant prays that the value of his improvements be allowed him.

The cause was on these pleadings submitted to the court, on the testimony adduced. The district judge presiding, was of opinion the plaintiff's title was completely made out; but regarding the defendant as a possessor in good faith, he is entitled to the value of his improvements. Judgment was rendered, confirming the plaintiff in her title to the land *described,* (about thirty arpents,) with such boundaries as are mentioned in the petition; also allowing the defendant one thousand two hundred dollars for his improvements, after deducting rents, and that no writ of possession issue to the plaintiff, until she pays this sum to the defendant. The plaintiff appealed.

*J. Seghers,* for the plaintiff and appellant.

*Winter,* in *propriâ personâ.*

*Bullard, J.,* delivered the opinion of the court.

This is a petitory action, in which the plaintiff sues for a lot of ground, described in the petition by specific boundaries, and alleged to contain about thirty superficial arpents. The defendant set up title under a sale to him by Lawes, the former husband of the plaintiff, and claims, in case of eviction, the value of his improvements, which he values at one thousand five hundred dollars.

Judgment was rendered in favor of the plaintiff for the land, with such boundaries as are described in the petition, amounting to about thirty superficial arpents; but the plaintiff was, by the same judgment, condemned to pay one thousand two hundred dollars, for improvements made on the land, and that no writ of possession should issue, until said sum was paid.

The plaintiff appealed, and in this court alleges as error, that the judgment ought to have been for thirty-five superficial arpents and sixty-two toises, instead of about thirty, and that the valuation of the improvements is too high.

The judgment is for the land, as described in the petition, which is all the plaintiff demanded. Having received the thing in contest, which is described with such certainty, as would enable possession to be given under a writ of possession, it appears to us quite immaterial, whether on actual measurement it should be found to precisely contain thirty-five arpents and sixty-two toises, or about thirty arpents.

With respect to the value of the improvements, there is some difference of opinion among the witnesses, not to say discrepancy in their testimony. The judge considered the clearing and ditching of the land, worth fifty dollars per arpent, and deducting from that the value of rents since the inception of suit, allowed twelve hundred dollars to the defendant. The evidence in the record does not enable us to discover, that he erred in his judgment.

But it is further urged, that on a former trial, the court allowed for improvements, a much smaller sum than was awarded on the second, and he thinks a medium at least ought to have been adopted, and he appeals to the authority of the Roman poet, in *medio tutissimus ibis*. We are not at liberty to regard the judgment first rendered, and which was set aside and a new trial granted, on the motion of the plaintiff herself, much less are we informed upon what evidence it was given. The Roman jurists are higher authority than the poets in matters of this kind, and we are taught by them, that it is not just that one man should enrich himself at the expense of another.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

EASTERN DIST.
*March,* 1836.

CONWAY
*vs.*
WINTER.

Where the judgment is for the land *described in the petition as about thirty arpents,* and which is all the plaintiff demanded, he cannot allege error and have the judgment amended, on the ground, that on actual measurement the land is found to contain a larger quantity.